**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| J. HAROLD SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STACEY BLAIRS, )<br>ADMINISTRATOR, and ISAAC )<br>FULWOOD, JR., CHAIRMAN, )<br>U.S. PAROLE COMMISSION[1], )<br>)<br>Respondents. )<br>_____ ) | Civil Action No. 9:09-2820-TLW-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner claims that the United States Parole Commission ("USPC") has violated his rights by failing to timely hold a revocation hearing, and that his parole supervision should be terminated.

The Respondents filed a motion to dismiss and/or for summary judgment on January 29, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on February 2, 2010, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond

---

[1] Respondents assert that the warden of the institution where Petitioner was confined when he filed his petition is the proper Respondent in this habeas proceeding. See Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976). It is unclear who that person is, however. Further, Petitioner has now been re-released on parole, and is no longer incarcerated. See Court Docket No. 28. Since Petitioner is proceeding pro se, and responsive pleadings have been filed, for purposes of summary judgment only the undersigned has proceeded to discuss the merits of Petitioner's claims.

1



adequately, the Respondents' motion may be granted, thereby ending his case.

Petitioner filed a memorandum in opposition on February 18, 2010, with an additional letter being filed on May 18, 2010. The Respondents filed a reply to the May 18, 2010 letter on June 1, 2010. This matter is now before the Court for disposition.[2]

**Background**

Petitioner contends that his parole should be terminated because of the delay he has experienced in receiving a probation revocation hearing. The record reflects that on October 30, 1985, Petitioner was sentenced in the United States District Court for the District of South Carolina to twenty-three (23) years in prison for armed robbery. See Respondents' Exhibit 1. Petitioner has previously released been on parole three times, and his parole has been revoked three times. See Respondents' Exhibit 2. However, due to good time credits, he was mandatorily released as if on parole on December 9, 2008. See 18 U.S.C. §§ 4163-64; see also See Respondents' Exhibit 1. Subsequently, based on information that the Petitioner had violated his reporting requirements and had absconded from supervision, the U.S. Parole Commission issued a warrant for Petitioner's arrest on February 23, 2009. See Respondents' Exhibits 3 & 4.

Respondents represent, and Petitioner does not dispute, that on or about May 19, 2009, Petitioner was arrested by state authorities in South Carolina in connection with a bank robbery that occurred in 2000. Respondents also represent that Petitioner was placed in the Greenville County Detention Center on $25,000 bond, and on May 21, 2009, the United States

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondents have filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Marshal's Service lodged a detainer with the Greenville County Detention Center due to his outstanding federal warrant. See Respondents' Exhibit 5. On July 9, 2009, the robbery charge was dismissed, and on July 10, the federal warrant was executed and Petitioner was taken into federal custody. He was presented with a copy of the warrant application, but refused to sign it, stating that he was unable to read it due to loss of eyesight. See Respondents' Exhibit 6.[3]

A preliminary interview was held on July 23, 2009, at which the examining U.S. Probation Officer recommended a finding of probable cause. See Respondents' Exhibit 7. At the hearing, Petitioner denied committing the violation. Petitioner also requested a local revocation hearing, asked that two probation officers be produced as adverse witnesses, and indicated he would likely be presenting several voluntary witnesses including a caseworker from a homeless shelter, the address of which he had given as his home address after being released from incarceration. Petitioner also initially requested and then declined counsel. Respondents represent that the report of the interview either was not transmitted to the Parole Commission or was lost after transmission, but that it was (re)submitted by telecopier on August 21, 2009. See Respondents' Exhibits 7 & 8. Formal notice of the probable cause finding was sent to Petitioner on December 8, 2009. See Respondents' Exhibit 13.

A Commission hearing examiner prepared a prehearing assessment on October 2, 2009, in which the hearing examiner concluded that Petitioner's charged Category One violation and salient factor score of 3 would result in a reparole guideline of 12-16 months, should the Commissioner find the violation occurred. See Respondents' Exhibit 9; 28 C.F.R. §§ 2.20-2.21.

---

[3]Although the exhibit reflects a date of July 14, 2009, the parties state in their briefs that the actual date of execution was July 10th.

3



The examiner who prepared the prehearing assessment also recommend that the Commission offer Petitioner an "expedited revocation." See 28 C.F.R. § 2.66 [This procedure allows people charged with certain categories of parole violations the option of waiving a revocation hearing and accepting a sanction proposed by the Parole Commission]; Respondents' Exhibit 10. On November 12, 2009, the Commission forward an expedited revocation proposal to the Petitioner under which he would stipulate to the violation and agree to revocation for a term of thirteen (13) months, which Petitioner declined on November 18, 2009. See Respondents' Exhibits 11 and 12.

On December 14, 2009, the Commission forwarded a disclosure packet to Petitioner containing pertinent documents. See Respondents' Exhibit 14. The packet included the warrant application dated February 24, 2009; warrant dated February 24, 2009; executed warrant; CSO/USPO Letter(s) dated January 28, 2009; summary of preliminary interview dated July 24, 2009; and the mandatory release certificate dated October 31, 2008. A revocation hearing was then held on January 22, 2010 following which Petitioner was released back on parole See Respondents' Exhibit 15.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rule's 1, 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that

4



the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondents are entitled to summary judgment in this case, and that this Petition should therefore be dismissed.

Petitioner's preliminary interview was held on July 23, 2009, within two weeks after the detainer was executed on July 10. The revocation hearing should have taken place within sixty (60) days of a probable cause finding following the interview. 28 C.F.R. § 2.49(f). This finding is normally made within 21 days of the interview; 28 C.F.R. § 2.48(d)(2); and the Parole Commission concedes that Petitioner's revocation proceeding, which was held on January 22, 2010, should have been scheduled to occur by no later than October 12, 2009. See Respondents' Exhibit 15. Respondents have offered three reasons for the delay:

> (a) The July 24, 2009, report of the preliminary hearing either was not transmitted by the U.S. Probation Office to the U.S. Parole Commission, or was mislaid after transmission. Its absence came to light the following month and the report was then transmitted or retransmitted by telecopier on August 21, 2009, thus delaying processing by roughly one month.
>
> (b) While preparing the prehearing assessment for the revocation hearing, the hearing examiner recommended offering Petitioner an expedited revocation. This needed internal approval within the Parole Commission and was not actually submitted to Petitioner until November 12; he then rejected the proposal on November 18.
>
> (c) Since October 2009, the Parole Commission has diverted many person-hours to resolve outstanding claims of *ex post facto* violations concerning District of Columbia Code prisoners, for whose parole decisions the U.S. Parole Commission

5



is responsible.[4]  As a result, the Parole Commission has had to review and analyze over 500 case files and schedule them for additional hearings.  This project has contributed to delays in processing other cases under its jurisdiction.

In this habeas Petition, Petitioner originally sought: (1) a hearing before a federal judge; (2) immediate release on personal recognizance until then; and (3) termination of parole supervision.  Since the filing of this action, however, Petitioner has received a revocation hearing and has been released back on parole.  See discussion, supra.  Nevertheless, in his responsive memorandum, Petitioner contends that he "has a constitutional right at law to have his parole supervision terminated [sic] remain unresolve due to Respondent Fullwood failure to address the matter until lately."  See Memorandum in Opposition, p. 5.  Petitioner is also now apparently attempting to change the issues which he is pursuing and seeks to have his earlier hearings from September 5, 1997, and October 16, 2001 reopened to seek the restoration of "street time" that was forfeited as a result of those hearings.  See Petitioner's Letter dated May 17, 2010.

Petitioner has not filed any motion to amend, and the Petition in this case did not seek relief concerning Petitioner's two earlier revocation hearings.  Therefore, those other matters are not properly before this court and this case is now ready for disposition on the matters raised in the original petition.  Further, since Petitioner has now had his revocation hearing on his most recent violation, the only issue remaining in his Petition is the fact that the hearing was not timely held and whether that fact entitles Petitioner to termination of his parole supervision.

While Respondents concede that the USPC was late in giving Petitioner his

---

[4]Respondents set out a detailed explanation of these changes in their brief.  See Memorandum in Support of Summary Judgment, p. 5 & n. 3.



6

probation revocation hearing[5], they argue that Petitioner is not entitled to the relief requested due to this delay because he cannot show that his hearing was unreasonably delayed or that he has been prejudiced as a result of the delay. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975), cert. denied, 429 U.S 998 (1976)["To entitle the parolee to relief, the delay, taking into consideration all the circumstances, must be unreasonable; it must also be prejudicial. A decisive issue in these cases is prejudice."]; Northington v. U.S. Parole Commission, 587 F.2d 2 (6th Cir. 1978); United States ex rel. Sims v. Sielaff, 563 F.2d 821, 828 (7th Cir. 1977). See also Poynor v. U.S. Parole Commission, 878 F.2d 275, 276 (9th Cir. 1989)["[T]o justify habeas corpus relief because of delay in the conduct of the dispositional review of a parolee detainer, the petitioner should show that he was prejudiced by the delay]; Sutherland v. McCall, 709 F.2d 730, 732 (D.C.Cir. 1983); Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982)[in absence of prejudice or bad faith, immediate release from custody not available as a remedy for violation of the statute governing parole revocation procedures/time frames].

      Based upon a review of the documents submitted and the record in this case, the undersigned does not find evidence of an unreasonable delay or prejudice to the Petitioner. Cf. Poynor, 878 F.2d at 276-277; Gaddy, 519 F.2d at 672-673 [Whether Parole Board acted within a reasonable time is not cast in absolute terms, but depends on all the circumstances of the particular case]. Therefore, the undersigned does not find that Petitioner is entitled to habeas corpus relief or the termination of his parole supervision. Gaddy, 519 F.2d at 673-675; cf. Poyner, 878 F.2d at 276 [Delay in the conduct of a parole revocation hearing is not a basis for accruing credit on a federal sentence]. Further, since the record reflects that the hearing has now

---

[5]See 28 C.F.R. § 2.49(f); 28 C.F.R. § 2.48(d)(2).



been held, any request for mandamus relief is moot. Heath v. U. S. Parole Comm., 788 F.2d 85, 89-90 (2d Cir. 1986). This Petition should be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 23, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

